UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **FRED JAMES SEAVEY,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | PRISONER CASE NO. |
| | : | 3:09-cv-00587 (VLB) |
| **STATE OF VERMONT,** | : | |
| Respondent. | : | April 21, 2009 |

## RULING DENYING PETITION FOR A WRIT OF HABEAS CORPUS [Doc. #1]

The petitioner, Fred James Seavey, commenced this action seeking final disposition of felony charges in the State of Vermont within 180 days.  The petitioner attempts to invoke his rights under the Interstate Agreement on Detainers.  He states that there is an outstanding warrant for his arrest in Vermont, but that no detainer has been lodged with Connecticut prison officials.  Department of Correction records confirm that no detainer has been filed.  See www.ctinmateinfo.state.ct.us (last visited April 21, 2009).

The purpose of a writ of habeas corpus is to challenge an unconstitutional conviction or confinement.  See 28 U.S.C. § 2254(a).  The petitioner currently is serving an 18 month Connecticut sentence.  He is scheduled to be released in January 2010.  See www.ctinmateinfo.state.ct.us (last visited April 21, 2009).  The petitioner is not challenging his Connecticut sentence and, by his own admission, neither has been convicted of nor is confined pursuant to any other charges.  Thus, he does not challenge any conviction or period of confinement in this action.

To the extent that the petitioner is asserting rights under the Interstate Agreement on Detainers, his claim is premature.  The provisions of the Interstate Agreement on Detainers are "activate[d]" only after a detainer is filed with the custodial state by another state.  United States v. Mauro, 436 U.S. 340, 358 (1978).  Vermont has not filed a detainer with the Connecticut Department of Correction.  Thus, the protections afforded by the Interstate Agreement on Detainers do not apply.

A habeas corpus action in Connecticut could not be used to compel Vermont officials to prosecute the petitioner, even if Vermont had lodged a detainer.  See Franks v. State of Florida, 211 F. Supp. 374, 375 (S.D. Tex. 1962) (holding that inmate incarcerated in Texas could not use writ of habeas corpus to compel commencement of prosecution in Florida, which had forwarded detainer to Texas prison authorities).  In addition, the United States Supreme Court has not determined whether an inmate challenging an indictment in another state where no detainer has been lodged against the inmate "would be sufficiently 'in custody' to attack the [other state's] indictment by an action in habeas corpus." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 n.4 (1973).

The petition for a writ of habeas corpus [Doc. #1] is DENIED.  In light of this ruling, the petitioner's motion for appointment of counsel [Doc. #3] is DENIED.  The petitioner may pursue his claim in Vermont state court.

The Court concludes that the petitioner has not shown that he was denied a constitutionally or federally protected right.  Thus, any appeal from this order

would not be taken in good faith.  Accordingly, a certificate of appealability will not issue.

                **IT IS SO ORDERED.**

                _____/s/_____
                **Vanessa L. Bryant**
                **United States District Judge**

**Dated at Hartford, Connecticut:  April 21, 2009.**